## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | : | **Case No. 13-53234** |
| | : | |
| **Hawthorne Hall Apartments LLC** | : | **Chapter 11** |
| | : | |
| Debtor. | : | **Judge John E. Hoffman, Jr.** |

| | | |
|---|---|---|
| **In re:** | : | **Case No. 13-53236** |
| | : | |
| **Oakland Manor Apartments LLC** | : | **Chapter 11** |
| | : | |
| Debtor. | : | **Judge John E. Hoffman, Jr.** |

| | | |
|---|---|---|
| **In re:** | : | **Case No. 13-53239** |
| | : | |
| **Rotunda Court Apartments LLC** | : | **Chapter 11** |
| | : | |
| Debtor. | : | **Judge John E. Hoffman, Jr.** |

| | | |
|---|---|---|
| **In re:** | : | **Case No. 13-53241** |
| | : | |
| **Clarmound Vista Apartments LLC** | : | **Chapter 11** |
| | : | |
| Debtor. | : | **Judge John E. Hoffman, Jr.** |

| | | |
|---|---|---|
| **In re:** | : | **Case No.  13-53244** |
| | : | |
| **Wabash Court Apartments LLC** | : | **Chapter 11** |
| | : | |
| Debtor. | : | **Judge John E. Hoffman, Jr.** |

| | | |
|---|---|---|
| **In re:** | : | **Case No. 13-53246** |
| | : | |
| **Easthaven Townhomes LLC** | : | **Chapter 11** |
| | : | |
| Debtor. | : | **Judge John E. Hoffman, Jr.** |

**MOTION BY DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(b)**

Hawthorne Hall Apartments, LLC ("Hawthorne"), Oakland Manor Apartments, LLC ("Oakland"), Rotunda Court Apartments, LLC ("Rotunda"), Clarmound Vista Apartments, LLC ("Clarmound"), Wabash Court Apartments, LLC ("Wabash") and Easthaven Townhomes, LLC ("Easthaven" and collectively with Hawthorne, Oakland, Rotunda, Clarmound, and Wabash, the "Debtors"), each a debtor and debtor in possession in the above-captioned cases, by and through their undersigned counsel, hereby jointly move this Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order directing the joint administration of Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only (the "Motion"). In further support of this Motion, Debtors respectfully state the following:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district.

2.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The matters raised herein constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2).

**BACKGROUND**

3.    Hawthorne Hall Apartments, LLC ("Hawthorne"), Clarmound Vista Apartments, LLC ("Clarmound"), Easthaven Townhomes, LLC ("Easthaven"), Rotunda Court Apartments, LLC ("Rotunda"), Oakland Manor Apartments, LLC ("Oakland"), and Wabash Court Apartments, LLC ("Wabash" and, collectively with Hawthorne, Clarmound, Easthaven, Rotunda, and Oakland, the "Debtors"), each filed their voluntary petitions for relief under

2

chapter 11 of the Bankruptcy Code on April 23, 2013 (the "Petition Date"). The Debtors are conducting their respective businesses and are operating as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.[1]

4. Hawthorne is an Ohio limited liability company which owns the real estate and related personal property comprising a 60 unit apartment complex located at 2209 Wabash Court, Columbus, Ohio 43232 (the "<u>Hawthorne Apartments</u>"). Clarmound is an Ohio limited liability company which owns the real estate and related personal property comprising a 48 unit apartment complex located at 2157-2179 West Mound Street, Columbus, Ohio 43223 (the "<u>Clarmound Apartments</u>"). Easthaven is an Ohio limited liability company which owns the real estate and related personal property comprising a 14 unit apartment complex located at 3153 Easthaven Drive, Columbus, Ohio 43223 (the "<u>Easthaven Apartments</u>"). Rotunda is an Ohio limited liability company which owns the real estate and related personal property comprising a 52 unit apartment complex located at 3117-3131 S. Rotunda Court, 3112-3118 N. Rotunda Court, 3102-3108 N. Rotunda Court, 3111-3117 N. Rotunda Court, 3110-3128 S. Rotunda Court, 2200-2206 Wadsworth Drive, 2190-2196 Wadsworth Drive, Columbus, Ohio 43232 (the "<u>Rotunda Apartments</u>"). Oakland is an Ohio limited liability company which owns the real estate and related personal property comprising a 60 unit apartment complex located at 1871-1899 Oakland Park Avenue, Columbus, Ohio 43224 (the "<u>Oakland Apartments</u>"). Wabash is an Ohio limited liability company which owns the real estate and related personal property comprising a 42 unit apartment complex located at 2209 Wabash Court, Columbus, Ohio 43232 (the "<u>Wabash Apartments</u>" and, collectively with the Hawthorne Apartments, the Clarmound Apartments, the Easthaven Apartments, the Rotunda Apartments and the Oakland Apartments,

---

[1] Given the commonality of ownership, operations/management, creditors, and case issues, as reflected below, the Debtors have filed motions for joint administration in each of the Chapter 11 cases, seeking joint administration of their cases.

3

the "Apartment Properties"). Mr. Ehab Eskander ("Mr. Eskander") is the sole or majority member of each of the Debtors.

5. Each of the Apartment Properties is managed by Solutions4PM.com, LLC ("Solutions"), which is a professional real estate management company that is owned and operated by Mr. Eskander. Mr. Eskander has been involved in real estate management for over 19 years. Solutions charges a management fee of six percent (6%) of the gross rental income collected on the Apartment Properties. Solutions also coordinates the provision of other necessary maintenance and services provided by third parties for the maintenance and upkeep of the Apartment Properties. The additional third party services are provided to the Debtors, through Solutions, without markup for profit by Solutions.

6. The Debtors are informed and believe that Pathways Financial Credit Union, Inc., an Ohio Non-Profit Corporation and successor in interest of Members First Credit Union, Inc., by merger ("Pathways"), asserts a senior secured position in and to the real estate assets (including the Apartment Properties) owned by each of the Debtors. On or about March 24, 2013, Pathways (acting through its servicer, Cooperative Business Services, LLC) filed foreclosure cases against each of the Debtors (collectively, the "Foreclosure Cases") in the Franklin County Court of Common Pleas (the "State Court") seeking a monetary judgment against each of the Debtors, as well as foreclosure of the Apartment Properties.[2] On or about March 26, 2013, the State Court entered judgment by confession in favor of Pathways and against the Debtors in each of the Foreclosure Cases. On or about April 4, 2013, Pathways filed

---

[2] The case numbers for the Foreclosure Cases are as follows:
    a. As against Hawthorne: Case No. 13 CV 003296;
    b. As against Clarmound: Case No. 13 CV 003299;
    c. As against Easthaven: Case No. 13 CV 003294;
    d. As against Rotunda: Case No. 13 CV 003300;
    e. As against Oakland: Case No. 13 CV 003295; and
    f. As against Wabash: Case No. 13 CV 003298.

Motions for the Appointment of Receiver (collectively, the "Receivership Motions") in each of the Foreclosure Cases, seeking the appointment of a receiver over the Apartment Properties. On or about April 5, 2013, the day after the Receivership Motions were filed, the State Court issued Orders (collectively, the "Receivership Orders") granting the relief requested in the Receivership Motions on an ex parte basis. On or about April 8, 2013, each of the Debtors filed their Motion to Vacate the Receivership Orders in each of the Foreclosure Cases. The State Court set a Status Conference in each of the Foreclosure Cases to be held on April 24, 2013. As of the Petition Date, the putative receiver had not filed a bond in any of the Foreclosure Cases, nor had he filed his requisite Oath. Consequently, the Apartment Properties remained in the custody, control and management of the Debtors as of the Petition Date.[3]

7. The Debtors believe that a reorganization of their respective affairs vis-à-vis the chapter 11 bankruptcy process will prove to the best forum to restructure their respective ongoing debt obligations, and realize the maximum value of their collective assets. The Debtors further believe that retaining present management of the Apartment Properties, as opposed to the appointment of a receiver, during the reorganization process will best preserve the value of the assets and maintain a necessary consistency within which to address any tenant issues. The Debtors believe it is critical that the current management remain in place in order to effectuate any lease extension with the current tenants, or any re-leasing of vacant space. Consequently, the Debtors have initiated these chapter 11 proceedings to provide a forum and process for such reorganization.

---

[3] See, Ohio Revised Code Section 2735.03

## RELIEF REQUESTED

8. By this Motion, Debtors seek entry of an order directing the joint administration of Debtors' chapter 11 cases and consolidation thereof for procedural purposes only. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed, R. Bank, P. 1015(b). Debtors are "affiliates" as that term is defined in § 101(2) of the Bankruptcy Code, in that 20 percent or more of the voting securities of each are held by individuals or entities who are members of all the Debtors. Accordingly, this Court is authorized to grant the relief requested herein.

9. The joint administration of Debtors' chapter 11 cases at this time will serve to simplify the procedural aspects of these chapter 11 cases while the Court and parties in interest consider the issues related to plan confirmation. Further, joint administration will permit the Clerk of the Court to utilize a single docket for these cases and combine notices to creditors of Debtors' respective estates and other parties in interest. Debtors anticipate that numerous notices, applications, motions, other pleadings and orders in these cases will affect all Debtors. Joint administration will permit counsel for all parties in interest to include Debtors' respective cases in a single caption. Joint administration also will enable parties in interest in the respective cases to be apprised of the various matters before the Court in each of these cases. Accordingly, as provided in the proposed form of caption attached hereto as Exhibit "A" and made a part hereof, Debtors request that parties in interest filing pleadings in these chapter 11 cases only be required to indicate in the caption that the pleading relates to the jointly administered bankruptcy cases of "Hawthorne Hall Apartments, LLC, et al." and further request that the Clerk of Court

maintain one file and one docket for Debtors' chapter 11 cases, which file and docket would be Hawthorne's file and docket.

10. In addition, Debtors seek the Court's direction that a separate docket entry be made on the dockets of each of the Hawthorne, Oakland, Rotunda, Clarmound, Wabash, and Easthaven chapter 11 cases as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Hawthorne Hall Apartments, LLC, Oakland Manor Apartments, LLC, Rotunda Court Apartments, LLC, Clarmound Vista Apartments, LLC, Wabash Court Apartments, LLC, and Easthaven Townhomes, LLC. The docket in the case of Hawthorne Hall Apartments, LLC, Case No. 13-53234 should be consulted for all matters regarding these cases."

11. The entry of an order of joint administration will reduce the volume of filings that would otherwise be filed with the Clerk of Courts and render the completion of various administrative tasks less costly. Additionally, the rights of creditors and other parties in interest in Debtors' respective cases will not be prejudiced or otherwise adversely affected in any way by the entry of an order directing the joint administration of these chapter 11 cases. The relief sought herein is purely procedural and is in no way intended to affect substantive rights.

12. Further, in order to minimize cost to the estate and to avoid unnecessary confusion by creditors and parties in interest who may not otherwise be creditors or parties in interest of all of the Debtors, the Debtors collectively request that pleadings filed by a single Debtor under the Hawthorne docket only be required to be served on the creditors and parties in interest for that respective Debtor, unless such requested relief impacts the creditors and parties in interest of all the Debtors. To that end, the Debtors propose to file, and update as appropriate, proposed forms of service lists for each of their cases so that the Court and parties in interest may

7

readily determine the appropriate parties for service and noticing of matters affecting the Debtors, individually.

## NO PRIOR REQUEST

13. No prior request for the relief sought herein has been made by Debtors to this or any other Court.

## WAIVER OF MEMORANDUM IN SUPPORT

14. Debtors request that the Court deem the content of this Motion to be sufficient for purposes of satisfying the memorandum in support requirement in Rule 9013-1(a) of the Local Rules of the United States Bankruptcy Court for the Southern District of Ohio ("Local Rules"). The relief requested herein raises no novel issues of law requiring briefing. Therefore, Debtors request that the Court waive the requirement pursuant to Local Rule 9013-1(a) for a memorandum in support of this Motion.

## NOTICE

15. No trustee, examiner or statutory committee has been appointed in Debtor's Chapter 11 case. Notice of this Motion has been provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the twenty (20) largest unsecured creditors as identified in the chapter 11 filings of Hawthorne, Oakland, Rotunda, Clarmound, Wabash and Easthaven; (c) Pathways and/or Pathways' counsel; and (d) the Franklin County Treasurer. Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit "B" and made a part hereof (i) authorizing and directing the joint administration of Debtors' chapter 11 cases and consolidation thereof for procedural

purposes only; (ii) directing that only the legend "Hawthorne Hall Apartments, LLC, et al.," be included in the consolidated caption for pleadings filed in Debtors' cases; (iii) approving the proposed form of caption set forth on Exhibit "A" hereto; and (iv) granting such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ J. Matthew Fisher
    Thomas R. Allen    (0017513)
    J. Matthew Fisher    (0067192)
    Erin L. Pfefferle    (0084984)
    17 South High Street, Suite 1220
    Columbus, OH  43215
    Telephone:    (614) 221-8500
    Facsimile:    (614) 221-5988
    E-mail:    allen@aksnlaw.com
        fisher@aksnlaw.com
        pfefferle@aksnlaw.com
    *Proposed Counsel for Debtors and Debtors in Possession, Hawthorne Hall Apartments, LLC, Oakland Manor Apartments, LLC, Rotunda Court Apartments, LLC, Clarmound Vista Apartments, LLC, Wabash Court Apartments, LLC, and Easthaven Townhomes, LLC*